UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
FINANCIAL FREEDOM ACQUISITION LLC,

                Plaintiff,

   -against-

LINDA C. BRAUNSBERG, Individually as Distributee and as Executrix of the Estate of Mary Falcone, MARY DIAZ, as heir at law of the Estate of Mary Falcone, CATHERINE SUMMA, as heir at law of the Estate of Mary Falcone, PHILIP JAMES COLASANTO, as alternate devisee of the Estate of Mary Falcone, GIOVANNA MARIA COLASANTO, as alternate devisee of the Estate of Mary Falcone, INTERNAL REVENUE SERVICE, UNITED STATES OF AMERICA, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE–TAX COMPLIANCE DIVISION–C.O.–ATC, NYS CHILD SUPPORT ENFORCEMENT, NY STATE DEPARTMENT OF TAXATION AND FINANCE, CITY OF NEW YORK DEPARTMENT OF TRANSPORTATION PARKING VIOLATIONS BUREAU, CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY TRANSIT ADJUDICATION BUREAU,

                Defendants.
-------------------------------------------------------------------------------x

**ORDER**
15-cv-4408 (ADS)(ARL)

**APPEARANCES:**

**Stein, Wiener & Roth, LLP**
*Attorneys for the Plaintiff*
One Old Country Road, Suite 113
Carle Place, NY 11514
       By:    Robert C. Sambursky, Esq., Of Counsel

**Michael P. Braunsberg, Esq.**
*Attorney for the Defendants Linda C. Braunsberg, Mary Diaz, Catherine Summa, Philip James Colasanto, and Giovanna Maria Colasanto*
370 Powell Street
Staten Island, NY 10312

**NO APPEARANCE:**

**Internal Revenue Service**
*Nominal Defendant*

**United States of America**
*Nominal Defendant*

**NYS Department of Taxation and Finance, Tax Compliance Division, CO-ATC**
*Nominal Defendant*

**NYS Child Support Enforcement**
*Nominal Defendant*

**NYS Department of Taxation and Finance**
*Nominal Defendant*

**NYC Department of Transportation, Parking Violations Bureau**
*Nominal Defendant*

**NYC Environmental Control Board**
*Nominal Defendant*

**NYC Transit Adjudication Bureau**
*Nominal Defendant*

**SPATT, District Judge:**

On November 10, 2010, the Plaintiff commenced this action in the Suffolk County Supreme Court, seeking to foreclose a security interest in a parcel of real property owned by one Mary Falcone, now deceased, located at 16 Fremont Road in East Hampton (the "Residence"). The complaint named the Removing Defendants – who are the heirs and devisees of the former homeowner, Mary Falcone – as well as numerous nominal defendants (the "Nominal Defendants") – who are mostly judgment creditors, and other individuals and entities with a potential interest in the Residence.

None of the Nominal Defendants answered the state court complaint or otherwise appeared in that action. Nonetheless, issue was joined by the Removing Defendants and the matter proceeded to discovery and dispositive motion practice in the state court.

On April 4, 2012, Suffolk County Supreme Court Justice Elizabeth H. Emerson issued a written opinion, which, in relevant part: (1) granted the Plaintiff summary judgment

2

against the Removing Defendants; (2) struck the answers of the Removing Defendants; (3) entered default judgments against the non-appearing Nominal Defendants; and (4) appointed a referee to compute the amounts due under the mortgage.

On November 15, 2012, Justice Emerson denied a motion by the Removing Defendants for reconsideration of her prior ruling.

On November 26, 2012, Justice Emerson denied a motion by the Removing Defendants to stay the action.

It is somewhat unclear what, if anything, transpired in this case between November 2012 and late-July 2015. However, on July 27, 2015, Suffolk County Supreme Court Justice Thomas F. Whelan issued a written opinion confirming the appointed referee's computation of the amounts due under the mortgage and granting in all respects the Plaintiff's motion for a final Judgment of Foreclosure and Sale. The court expressly found that the Removing Defendants had "failed to demonstrate any grounds for denial of the relief requested."

On that same date, namely, July 27, 2015, Justice Whelan issued two additional written orders, which, in relevant part, denied another request by the Removing Defendants for a stay of the proceedings; denied additional requests by the Removing Defendants to dismiss the complaint; and expressly directed the Removing Defendants "to refrain from the interposition of further motions," which, in that court's view, were "without basis in law or fact, as such conduct is frivolous" and might warrant "the imposition of sanctions, costs and fees."

The next day, on July 28, 2015, the Removing Defendants filed a notice of removal, alleging that this Court has original jurisdiction over the case because complete diversity of

3

citizenship exists among the parties and that the amount in controversy exceeds $75,000. Notwithstanding the apparent final resolution of this action in state court, the Removing Defendants seek to have this Court vacate the prior orders of Justice Whelan and Justice Emerson because additional discovery regarding the validity of the underlying mortgage, which the state court judges allegedly refused to permit, is needed. In this regard, the Removing Defendants appear to contend that Justice Whelan erroneously failed to enforce a subpoena for such information, which was served on the Plaintiff, allegedly in violation of New York Judiciary Law § 753(A).

They also ask this Court to consider anew multiple issues already considered and rejected by the state court, including their entitlement to a statutory settlement conference, which Justice Emerson expressly held was legally untenable in her April 4, 2012 opinion. It is clear that the Removing Defendants simply seek to relitigate these issues, which were decided adversely to them once – and in some instances, more than once – before.

The Court declines the Removing Defendants' invitation to inject itself into this litigation at this extremely late stage for the sole purpose of effectively reversing multiple reasoned opinions of Suffolk County Supreme Court Justices, and a final judgment in favor of the Plaintiff. In fact, to the extent the Removing Defendants seek to have this Court review the substantive decisions of the state courts, it is clear that subject matter jurisdiction is lacking pursuant to the Rooker-Feldman doctrine. See, e.g., Swiatkowski v. Citibank, 745 F. Supp. 2d 150, 163-68 (E.D.N.Y. 2010) (discussing the jurisdictional bar that Rooker-Feldman poses to federal court review of a state court judgment of foreclosure), aff'd, 446 F. App'x 360 (2d Cir. 2011).

4

Simply stated, if the Removing Defendants believe that the conclusions of the state courts were reached in error, their recourse is in the Appellate Division of the New York State Supreme Court, not the federal district court.

Accordingly, the Court remands this matter to the state court for any further proceedings. The Clerk of the Court is respectfully directed to close this case.

It is **SO ORDERED**

Dated: Central Islip, New York
June 7, 2016      /s/ Arthur D. Spatt
                  ARTHUR D. SPATT
                  United States District Judge